UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINIC CULPEPPER,

    Petitioner,

vs.                                      CASE NO. 8:07-cv-672-T-17TGW

JAMES McDONOUGH,
SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Dominic Culpepper's 28 U.S.C. § 2254 petition for writ of habeas corpus, and his Motion to Stay and Hold in Abeyance. The issue in this case is whether the decision by the United States Supreme Court in *Roper v. Simmons*, 543 U.S. 551 (2005) (the execution of individuals under 18 years of age at the time of their capital crimes is prohibited by the Eighth and Fourteenth Amendments), should apply to a minor who has been sentenced to a mandatory life sentence in prison without parole. Culpepper seeks to have this Court stay and hold in abeyance the instant federal petition while he exhausts his claims in state court. Petitioner is attempting to exhaust in a Rule 3.850 motion for post-conviction relief recently filed in the Circuit Court for the Twelfth Judicial Circuit, Sarasota County, Florida.

## BACKGROUND

On October 23, 2001, Petitioner was indicted by a grand jury for the first degree murder of Frank Wesley McCool. (Exh. 1). At the time the crime was committed, Petitioner was fourteen (14) years of age. On February 13, 2002, Petitioner was convicted of murder in the first degree. (Exh. 2). Prior to sentencing, Petitioner filed a motion to declare Florida Statute § 775.082(1)[1] unconstitutional as applied to him. (Exh. 3). The basis for that motion raised by Petitioner was a federal claim that a mandatory life sentence for a fourteen-year-old minor was cruel and/or unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. The state trial court heard arguments on the motion at Petitioner's sentencing hearing. (Exh. 4). On May 15, 2002, the trial court denied Petitioner's motion, and Petitioner was sentenced to mandatory life imprisonment without the possibility of parole. The State argued *Brennan v. State*, 754 So. 2d 1, 2 (1999) (death penalty vacated and juvenile defendant's sentence reduced to life imprisonment without the possibility of parole).

On March 21, 2003, the Second District Court of Appeal affirmed the trial court's ruling *per curiam*. *Culpepper v. State*, 846 So.2d 515 (Fla. Dist. Ct. App. 2003). (Exh. 6). On April 14, 2003, the Second District Court of Appeal's mandate issued. (Exh. 7).

---

[1] Fla. Stat. § 775.082 (2007). Penalties; applicability of sentencing structures; mandatory minimum sentences for certain reoffenders previously released from prison
  (1) A person who has been convicted of a capital felony shall be punished by death if the proceeding held to determine sentence according to the procedure set forth in s. 921.141 results in findings by the court that such person shall be punished by death, otherwise such person shall be punished by life imprisonment and shall be ineligible for parole.
  (2) In the event the death penalty in a capital felony is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death for a capital felony shall cause such person to be brought before the court, and the court shall sentence such person to life imprisonment as provided in subsection (1). No sentence of death shall be reduced as a result of a determination that a method of execution is held to be unconstitutional under the State Constitution or the Constitution of the United States.

On April 13, 2004, Petitioner filed a Motion for Post-Conviction Relief pursuant to Fla. R. Crim. P. 3.850. On March 1, 2005, the United States Supreme Court decided *Roper v. Simmons*, 543 U.S. 551 (2005), stating that the execution of individuals under 18 years of age at the time of their capital crimes is prohibited by the Eighth and Fourteenth Amendments; abrogating *Stanford v. Kentucky*, 492 U.S. 361 (1989). On March 17, 2005, the state trial court denied Petitioner's Motion for Post-Conviction Relief. On October 27, 2005, Petitioner appealed to the state appellate court regarding the trial court's order denying Petitioner's Motion for Post-Conviction Relief. On April 20, 2006, the state appellate court *per curiam* affirmed the trial court's order denying Petitioner's Motion for Post-Conviction Relief. On May 10, 2006, the mandate issued. (Exh. 8).

On April 18, 2007, Petitioner filed a motion for post-conviction relief in the Circuit Court for the Twelfth Judicial Circuit of Florida asserting that, pursuant to *Roper v. Simmons*, 43 U.S. 551 (2005), sentencing a fourteen-year-old to a mandatory life sentence, without the possibility of parole, violates the Eighth and Fourteenth Amendments to the United States Constitution's prohibition against cruel and unusual punishment.

Then on April 19, 2007, Petitioner filed the present 28 U.S.C. §2254 Petition for Writ of Habeas Corpus, (Dkt. 1), and Motion to Stay and Hold in Abeyance. (Dkt. 4). Petitioner requests the instant federal habeas corpus petition be held in abeyance pending review of his state post-conviction motion. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Pace v. DiGiulielmo*, 544 U.S. 408, 416 (2005) (stating that a prisoner may file a "protective petition in federal court and ask the federal court to stay and abey the federal

habeas proceedings until state remedies are exhausted"). Petitioner, in his current Motion to Stay and Hold in Abeyance, asserts that he has not presented a "*Roper* claim" to the Florida state courts, and that the application of the rule in *Roper* sets an essentially equivalent precedent relating to the life imprisonment sentence imposed upon Petitioner. On May 14, 2007, Respondent filed his Response in Opposition to Petitioner's Motion to Stay and Hold in Abeyance. (Dkt. 11). Respondent asserts that Petitioner has exhausted his state remedies concerning the Eighth Amendment claim because, prior to sentencing in the state trial court, Petitioner had filed a motion raising the federal claim that a mandatory life sentence for a fourteen-year-old was cruel and/or unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. On May 14, 2007, Respondent filed his Return to Order to Show Cause. (Dkt. 12), asserting that Petitioner's Petition for Writ of Habeas Corpus was untimely based upon the Antiterrorism and Effective Death Penalty Act (AEDPA) and 28 U.S.C. §2244(d).

Petitioner's petition is untimely and, on the merits of his claims, does not warrant federal habeas relief.

## Petition is Untimely

The present petition is untimely pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. In this case, Petitioner's conviction and sentence became final on direct appeal on **June 19, 2003**, ninety (90) days after the state appellate court filed its opinion affirming judgment on March 21, 2003. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year

limitations period for Florida's prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). *See also Clay v. United States*, 123 S.Ct. 1072, 1076 (2003)(The 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on the direct appeal, not from the date the appellate court issues its mandate). Therefore, petitioner had until **June 18, 2004**, at the latest, to file his federal petition, absent any collateral applications in state court that would toll the statutory period. *See Wilcox v. Fla. Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

On **April 13, 2004**, Petitioner filed a Motion for Post-Conviction Relief pursuant to Fla. R. Crim. P. 3.850. The time period between the convictions and sentences becoming final (June 19, 2003) and Petitioner's 3.850 motion (April 13, 2004), tolls approximately **two hundred ninety-eight (298) days**. An additional **three hundred and forty-three (343) days** had lapsed between the time period the state appellate court's mandate in its affirmation of the state trial court's denial of Petitioner's 3.850 motion (May 10, 2006) and Petitioner's habeas motion (April 19, 2007). Two hundred ninety-eight (298) days added to three hundred and forty-three (343) days equals a <u>**total of six hundred and forty-one (641) days**</u>.

Petitioner asserts that the present petition was timely filed under 28 U.S.C. §2244(d)(1)(C) which states:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  **(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;** or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

He relies on the recent decision by the Supreme Court of the United States in *Roper v. Simmons*, 543 U.S. 551 (2005). If 28 U.S.C. §2244(d)(1)(C) were applicable to this petition by *Roper's* creating a "new constitutional right" as it relates to Petitioner, then the one-year statute of limitations would begin to toll at the time *Roper* was decided, thereby rendering Petitioner's petition timely. Although *Roper* addresses a new and distinct constitutional right, the *Roper* decision is to be narrowly construed to include capital cases involving death sentences for minors. The constitutional claim in *Roper* sets a clear precedent by abolishing the execution of minors, but it does not *particularly* address the application of that constitutional claim to mandatory life sentences pertaining to minors. Therefore, the present habeas petition is untimely because it was not filed within the time period permitted under 28 U.S.C. § 2244(d)(1).

## STANDARD OF REVIEW

Under 28 U.S.C § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless

6

rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law, including constitutional issues, must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong: it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

A district court should grant a stay and hold in a petition for habeas corpus in abeyance where "the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *accord Thompson v. Sec'y for the Dep't of Corr.*, 425 F.3d 1364, 1366 (11th Cir. 2005).

DISCUSSION

Even if Culpepper's § 2254 habeas petition were timely, the petition has no merit and would be denied by this Court. In 2005, the United States Supreme Court recognized that a majority of states rejected the imposition of the death penalty for offenders under the age of 18, and that evolving standards of decency required the prohibition of the death penalty for minors. *See Roper v. Simmons*, 543 U.S. 551, 568 (2005). *Roper* overruled *Stanford v. Kentucky*, 492 U.S. 361 (1989), which had allowed capital punishment for minors. At the time Petitioner committed the murder in 2001, *Roper* had not been decided, and *Stanford* was the law. Roper was decided on March 1, 2005, within the time period when Petitioner's Motion for Post-Conviction Relief was pending. Although Petitioner's direct appeal concluded in 2003, Culpepper had the opportunity to raise the

*Roper* decision to the state trial court in 2005, as well as to the state appellate court during Culpepper's subsequent appeal for post-conviction relief on October 27, 2005.

Although the execution of a juvenile is impermissible under the Eighth and Fourteenth Amendments, sentencing a juvenile to life imprisonment is not. *See United States v. Feemster*, 483 F.3d 583 (8th Cir. 2007) (quoting *Roper v. Simmons*, 543 U.S. at 560, 578-579 (affirming a life sentence without the possibility of parole for a conviction based on juvenile conduct)). See *Brennan v. State, supra*. In *Feemster*, the 8th Circuit United States Court of Appeals vacated the District Court's sentencing, which reflected a downward variance based on Feemster's young age, and remanded for resentencing so that Feemster's age could be given the appropriate weight in sentencing rather than the excessive weight given. *Id.* at 590. Here, Petitioner asserts that a mandatory life sentence is cruel and/or unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. *Roper* should be applied to Culpepper as it was to Feemster. *Roper* strictly applies to a violation of the Eighth and Fourteenth Amendments as cruel and unusual punishment regarding the death sentence of a minor. Therefore, Petitioner's assertion that his life sentence is a violation of the *Roper* rule is without merit.

Petitioner argues the analysis in *Roper*, where the Supreme Court relied on social science data to conclude that differences between adolescents and adults "demonstrate that juvenile offenders cannot with reliability be classified among the worst offenders." 543 U.S. at 569. In particular, the *Roper* Court focused on three factors: (1) adolescents are more immature and more impulsive than adults; (2) adolescents have limited control over their environments and are more susceptible to peer pressure than adults; and (3)

adolescent personalities are not fully formed. *Id.* at 569-570. Culpepper fails to recognize that the *Roper* Court considered these factors within a limited scope relating to the death sentencing of a minor. The Supreme Court explicitly distinguished that, "Because the death penalty is the most severe punishment, the Eighth Amendment applies to it with special force." *Id.* at 568.

Petitioner argues that because the Supreme Court in *Roper* recognized that the evolving standards of decency required the prohibition of the death penalty for minors, *id.*, that this Court should apply that rationale to mandatory life sentences for minors. This Court disagrees with Petitioner's argument due to the narrow scope and application of the Supreme Court's rationale as described above in *Roper*. Again, the evolving standards of decency analysis by the Supreme Court in *Roper* applies only to the death penalty because a death sentence is the most severe punishment possible. *Id.* Moreover, this Court refuses to extend the Supreme Court's analysis in defining evolving standards of decency to broaden that definition to apply to mandatory life sentences for minors. Taking into account the gravity of sentencing a minor to life in prison, this Court is not compelled to formulate an arbitrary interpretation of evolving standards of decency in relation to this habeas petition. In the absence of authority to the contrary, this Court must limit its consideration of juvenile Eighth Amendment rights to capital cases just as the Supreme Court did.

Accordingly, the Court orders:

That Culpepper's petition for writ of habeas corpus is denied, with prejudice. Additionally, Culpepper's Motion to Stay and Hold in Abeyance is denied, with

prejudice. The Clerk is directed to enter judgment against Culpepper and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petitions. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on  JULY 13th , 2007.

ELIZABETH KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Dominic Culpepper